ALFRED J. CLAYPOOL et al., exrs. &c.,

v.

JOSEPH NORCROSS et al.

.A clause in a will, " The residue of my estate to be kept in reserve for fur-
ther consideration in the way of charitable purposes in a liberal way, not to
any particular creed or sect of religion," was construed to be a gift of the
residue to the executors by implication for such charitable purposes as they
may think proper.

Bill for construction of will.   On final hearing on pleadings.

*Mr. M. R. Sooy,* for complainants.

*Mr. C. E. Hendrickson* and *Mr. B. Gummere,* for defendants.

THE CHANCELLOR.

Rachel N. Murphy, deceased, by her will, among other be-
quests, gave to the " Little Sisters of the Poor" and the " Work-
ing Girls' Home " (both institutions located in Philadelphia)
$500 each, and she then provided as follows :

" The residue of my estate to be kept in reserve for further consideration in
the way of charitable purposes in a liberal way, not to any particular creed or
sect of religion."

She appointed the complainants executors.   The question
presented is whether the gift of the residue is a valid charitable
bequest.   That the language of the clause was not used to sig-
nify an intention upon the part of the testatrix to withhold the
residue for future disposition by herself; or, in other words,
that she did not mean to express an intention not to dispose of
it by the will, is clear from the consideration of the language of
the clause.   Had she intended so to withhold it, why should she
have designated the manner in which the residue was to be dis-

Claypool v. Norcross.

posed of—"in a liberal way, not to any particular creed or sect of religion?" It would also seem from the initial clause of the will—"I, Rachel N. Murphy, herewith take my final leave of the world," that she did not contemplate any further testament-ary or other disposition of any part of her property. By the words "to be kept in reserve" she meant "to be held in trust," and by the residuary clause she intended to give the residue to the executors, in trust, to be disposed of by them for such char-itable purposes as they might, in their discretion, see fit to apply it to; she, at the time, expressing a wish that they should act therein with a liberal spirit so far as religious tenets were con-cerned, and that they, therefore, should not in the distribution confine their gifts to any particular religious sect or to those who professed belief in any particular religious creed. It is to be observed that the direction is that the residue is "to be" kept (not "is" kept) in reserve &c. That is equivalent to and is in-tended as a direction to keep the residue in reserve. It is not to be supposed that if the testatrix had intended merely to express an intention to withhold the residue for further disposition, she would have considered it necessary to speak with any particu-larity as to her design in reference to it. It would have been enough to say that it was withheld for further consideration and disposition. But the language is that it is to be reserved for further consideration "in the way of charitable purposes in a liberal way, and not to any particular creed or sect of religion." This language is clearly a direction as to the disposition to be made by those charged with the duty of disposing of the residue. It seems to me quite clear that the testatrix intended by the clause under consideration to dispose of the residue, and that in the language she has used she must be regarded as speaking at the time of her death and not at the time of making her will. Courts deal liberally in the construction of bequests for charity, and in some cases sustain such bequests where, if they were to an individual, they would not be sustained. The testatrix in-tended to give the residue to the executors. Although they are not named in the clause, the gift is to them by implication. And it is in trust for such charitable purposes as they may think proper.